# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KEITH JONES,** | Case No. 24–cv–10168–ESK–MJS |
| Plaintiff, | |
| v. | OPINION AND ORDER PROCEEDING COMPLAINT AND APPOINTING COUNSEL |
| **C. HARTRANFZ,** *et al.*, | |
| Defendants. | |

**THIS MATTER** is before the Court on *pro se* plaintiff Keith Jones's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Complaint). (ECF No. 1.) Because plaintiff has been granted *in forma pauperis* status, I must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). For the following reasons, I will allow the Complaint to proceed.

  1. Plaintiff is a convicted and sentenced state prisoner incarcerated in South Woods State Prison (South Woods). (ECF No. 1 p. 4.) Defendants C. Hartranfz, Anthony Degner, and Heather Griffith work at South Woods and are employed by the New Jersey Department of Corrections (Department). (*Id.* p. 5.) Defendant Victoria Kuhn is the Department Commissioner. (*Id.*)

  2. Plaintiff alleges that defendants denied him medical care for his glaucoma, resulting in the deterioration of his eyesight. (*Id.* p. 7.) Specifically, he alleges that he has not been consistently getting his medicated eyedrops as required by his physician. (*Id.* pp. 6, 7.) As a result, he has developed optic nerve damage and irreversible vision loss. (*Id.* p. 7.)

  3. The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by plaintiffs proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

  4. To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claims are

facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. "The Court must accept all facts in the complaint as true, draw all reasonable inferences in the [plaintiffs'] favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

6. I will allow the Complaint to proceed on plaintiff's denial of medical care claims.[1] Generally, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official ... will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). However, plaintiff has submitted sufficient facts for me to reasonably infer that defendants were informed that plaintiff was not getting the appropriate treatment but did not intervene. (*See* ECF No. 1 pp. 4, 5, 7; ECF No. 1-2 pp. 1, 2.)

7. I will grant plaintiff's request for the appointment of counsel. (ECF No. 1 p. 7.) Appointment of counsel is a privilege, not a statutory or constitutional right, *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011), and is governed by the factors enumerated in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993). In determining whether to appoint counsel, "the district court must consider as a threshold matter the merits of the plaintiff's claim." *Tabron*, 6 F.3d at 155. As I am allowing the Complaint to proceed, this threshold factor is satisfied.

---

[1] My preliminary review under 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by a defendant after service. *See Richardson v. Cascade Skating Rink*, No. 19–cv–08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] §1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (internal quotation marks omitted)).

8. I must now consider the following factors: (1) the "plaintiff's ability to present his or her case" absent counsel; (2) the "difficulty of the particular legal issues"; (3) the "degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation"; (4) whether the case is "likely to turn on credibility determinations"; (5) whether the case will "require testimony from expert witnesses"; and of course (6) whether "counsel is easily attainable and affordable by the litigant." *Id.* at 155-56, 157 n. 6.

9. I conclude that the appointment of counsel is warranted. Plaintiff is bringing a denial of medical care claim against several Department employees. The nature of his claim will require extensive discovery, credibility determinations, and presumably expert testimony. Plaintiff states that he has lost a significant amount of vision in both eyes, which may make conducting discovery and submitting material to the Court and defendants difficult. (ECF No. 1 p. 7.) Finally, he is unlikely to find counsel on his own as he is incarcerated and indigent. Therefore, I find that the appointment of counsel would be in the interests of justice and will direct the Clerk to identify *pro bono* counsel.

Accordingly,

**IT IS** on this **27th** day of **June 2025 ORDERED** that:

1. The Complaint may proceed on plaintiff's denial of medical care claim.

2. Plaintiff's application for the appointment of *pro bono* counsel is granted. 28 U.S.C. § 1915(e)(1).

3. The Clerk shall select an attorney from the civil *pro bono* panel to represent plaintiff in this proceeding.

4. Pursuant to the Memorandum of Understanding[2] between the Court and the New Jersey Department of Corrections, the Court shall forward a copy of the Complaint to the Department and seek a waiver of service for defendants. A separate order detailing this process will follow.

---

[2] The Memorandum of Understanding between all vicinages of the United States District Court for the District of New Jersey and the New Jersey Department of Corrections governs the process for obtaining waiver of service, where possible, for the Departments' current and former employees.

    5.    The Clerk shall send a copy of this opinion and order to plaintiff by regular mail.


                              */s/ Edward S. Kiel*
                              **EDWARD S. KIEL**
                              **UNITED STATES DISTRICT JUDGE**